06-20412.om

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 06-20412 CIV-COOKE/BROWN

CONSOLIDATED

B&M NATIONAL AUTOMATION, LLC,

  Plaintiff,

vs.

AMX CORPORATION,

  Defendant.

_____/

AMX LLC, a Delaware Limited Company,

  Plaintiff,

vs.

AVEX GROUP, INC., et al.,

  Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**This matter** is before this Court on Defendant Unified Home Solutions ("UHS") Motion to Dismiss, filed July 11, 2006. The Court has considered the Motion, the Response, the Reply, and all pertinent materials in the file.

### FACTS

Plaintiff AMX, a Delaware limited liability company with its principle place of business in Richardson, Texas, has sued, among others, Defendant UHS and its representative Jorge Gimenez

1

in an eight count complaint. AMX alleges that it "designs, develops, and markets integrated control systems that enable end users to operate a broad range of electronic and programmable equipment in a single system within a variety of corporate, educational, industrial, entertainment, governmental, and residential settings." Compl. ¶12. This case specifically concerns alleged wrongdoing by the Defendants with respect to the sale of "a comprehensive control system solution designed specifically for multi-dwelling units ("MDU"), such as luxury condominiums and other planned communities" (Compl. ¶15) (referred to as "AMX MDU").

Plaintiff alleges that it entered into two contracts with Defendant UHS which provided, inter alia, "for UHS to exclusively license computer software to work in conjunction with AMX MDU products." Compl. ¶¶ 21-22.

## DISCUSSION

To satisfy the pleading requirements of Fed.R.Civ.P. 8, a complaint must give the defendant notice of what plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). In ruling on a motion to dismiss, the court must take all well-pleaded allegations as true. Marsh v. Butler County, 268 F.3d 1014, 1023 (11th Cir. 2001). A complaint should not be dismissed pursuant to Fed.R.Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." Williams v. Mohawk Industries, Inc., 465 F.3d 1277, 1282 n. 2 (11th Cir. 2006), cert. denied, 2007 WL 560211 (U.S. Feb. 26, 2007) (quoting Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998) (internal quotation marks and citations omitted)).

### I. Grounds for Dismissal Common to All Counts

This Court has already ruled on the arguments raised by Defendant as to all counts of the

complaint in its Order on the Individual Defendants' Motions to Dismiss, and has found that dismissal without prejudice is proper.   The Court adopts its discussion by reference herein.

## II. <u>Grounds as to Specific Counts</u>

### Count I - Violation of 18 U.S.C. §1962(c)

Defendant argues that Count I is not plead with the required specificity.   This Court has set out the general law concerning the RICO statute, pleading mail and/or wire fraud, and damages in its Order on the Individual Defendants' Motions to Dismiss, and adopts its discussion by reference herein.

The Court has reviewed the Case Statement, and finds that Plaintiff has adequately alleged the elements of a RICO claim, and stated at least two instances of mail and/or wire fraud predicate acts with sufficient detail with respect to Defendant UHS.

The fact that non-parties are named as part of the association is not grounds for dismissal. <u>See</u> <u>Mark v. J.I. Racing, Inc.</u>, No. 92-CIV-5285(FB),1997 WL 403179 (E.D.N.Y. July 9, 1997) (citing <u>Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.</u>, 30 F.3d 339, 344 (2d Cir. 1994).

### Count II - Fraud

In its Fraud count, Plaintiff alleges that UHS falsely "represented to AMX that [it] was not using the UHS Hosted Computer to operate an Internet service for AMX's competitor Creston." Defendant argues that these claims are barred by Florida's economic loss doctrine, which provides that a party to a contract may not pursue a claim in tort for solely economic losses unless the party breaching the contract has committed a tort which is distinguishable from or independent of the breach of contract.  <u>Keys Jeep Eagle, Inc. v. Chrysler Corp.</u>, 897 F. Supp. 1437, 1443 (S.D. Fla.

1995), aff'd, 102 F.3d 554 (11th Cir. 1996).

Plaintiff initially argues that this rule does not apply because "the parties agreed in the UHS Agreement that Texas law governs their relationship." (Resp. p. 11, citing UHS Agrmt. at ¶14.1.) Even if such an agreement would render the Florida law inapplicable, there is no such allegation in the complaint, and the contract is not attached as an exhibit. Accordingly, the Court cannot consider this "fact." Moreover, Plaintiff maintains that the Texas law "recognizes an exception to the economic loss doctrine where a party makes a post-contract misrepresentation of intention to perform in order to induce the other party to take some action yet the inducing party has no intention of performing." Resp. p. 11 (citing Kajima Int'l, Inc. v. Formosa Plastics Corp., 15 S.W. 3d 289, 293 (Tex. App. 2000)). Plaintiff has not alleged in its fraud count any such intent to induce action as to Defendant UHS.

On the current complaint, the Court has no reason to apply any law other than Florida law, and it appears from a reading of the current complaint that the alleged fraudulent action by UHS is not independent of the alleged contract. Accordingly, this count should be dismissed without prejudice against UHS.

### Count III - Conspiracy

Defendant argues that the complaint fails to state a cause of action for civil conspiracy because there is no adequately pled underlying actionable tort or wrong (see Border Collie Rescue, Inc. v. Ryan, 418 F. Supp. 2d 1330, 1339 (M.D. Fla. 2006)). Because the Court finds that Plaintiff has adequately alleged a RICO claim, that argument is rejected.[1]

---

[1]The Court agrees with Plaintiff that Defendant misreads Beck v. Prupis, 529 U.S. 494 (2000) and denies dismissal based on the argument that the civil conspiracy count must be based on allegations which are independent of the RICO conspiracy count.

## Count IV - Breach of Fiduciary Duty

Defendant UHS argues that Plaintiff's breach of fiduciary duty claim is also barred by the economic loss rule. In the complaint, Plaintiff alleges that "[u]nder the terms of the 2004 UHS Agreement and the 2006 UHS Agreement, AMX provided UHS with valuable AMX Trade Secrets, ...." Complt. ¶24. However, Plaintiff does not allege that there was also a contractual duty not to disclose those secrets. Tort claims that are independent of a breach of contract and require proof of separate facts are not barred under the economic loss rule. See HTP, Ltd. v. Lineas Areas Costarricenses, S.A., 685 So. 2d 1238 (Fla. 1996). Accordingly, the Court will not dismiss the breach of fiduciary duty count against UHS based on the economic loss rule.

This Court has set out the general law concerning the elements of this cause of action, and its finding that Plaintiff has adequately stated a claim, in its Order on the Individual Defendants' Motions to Dismiss. The Court adopts its discussion by reference herein.

## Count V - Tortious Interference with Prospective Relationships

Plaintiff states that it is not bringing this claim against Defendant UHS.

## Count VI - Misappropriation of Trade Secrets

The Court, in its Order on the Individual Defendants' Motion to Dismiss, found that this count should be dismissed without prejudice to be brought as a statutory claim, if appropriate. The Court adopts its discussion by reference herein, as well as its discussion concerning the identification of the trade secrets and pleading punitive damages.

## Count VII - Deceptive and Unfair Trade Practices Act

This Court, in its Order on the Individual Defendants' Motion to Dismiss, found that this count has been adequately pled. The Court adopts its discussion by reference herein.

5

**Count VIII - Injunctive Relief**

Defendant moves to dismiss this count by incorporating arguments made with respect to previous counts. The request is denied based on the discussion above.

## III. <u>CONCLUSION</u>

Therefore, and the Court being otherwise fully advised in the premises it is hereby **ORDERED AND ADJUDGED** that the Defendant Unified Home Solutions' Motion to Dismiss be **GRANTED** in part and **DENIED** in part, in accordance with the terms of this Order. The complaint is **DISMISSED** without prejudice and with leave to file an Amended Complaint within ten (10) calendar days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of March, 2007.

_____
STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

6