06-20412.on

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20412 CIV-COOKE/BROWN

CONSOLIDATED

B&M NATIONAL AUTOMATION, LLC,

    Plaintiff,

vs.

AMX CORPORATION,

    Defendant.
_____/

AMX LLC, a Delaware Limited Company,

    Plaintiff,

vs.

AVEX GROUP, INC., et al.,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**This matter** is before this Court on Defendant Vertical Integration Group, LLC's ("VIG") Motion to Dismiss, filed July 11, 2006. The Court has considered the Motion, the Response, the Reply, and all pertinent materials in the file.

## FACTS

Plaintiff AMX, a Delaware limited liability company with its principle place of business in Richardson, Texas, has sued, among others, Defendant VIG, a Florida limited liability company, in

1

an eight count complaint. AMX alleges that it "designs, develops, and markets integrated control systems that enable end users to operate a broad range of electronic and programmable equipment in a single system within a variety of corporate, educational, industrial, entertainment, governmental, and residential settings." Compl. ¶12. This case specifically concerns alleged wrongdoing by the Defendants with respect to the sale of "a comprehensive control system solution designed specifically for multi-dwelling units ("MDU"), such as luxury condominiums and other planned communities" (Compl. ¶15) (referred to as "AMX MDU").

## DISCUSSION

To satisfy the pleading requirements of Fed.R.Civ.P. 8, a complaint must give the defendant notice of what plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). In ruling on a motion to dismiss, the court must take all well-pleaded allegations as true. Marsh v. Butler County, 268 F.3d 1014, 1023 (11th Cir. 2001). A complaint should not be dismissed pursuant to Fed.R.Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." Williams v. Mohawk Industries, Inc., 465 F.3d 1277, 1282 n. 2 (11th Cir. 2006), cert. denied, 2007 WL 560211 (U.S. Feb. 26, 2007) (quoting Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998) (internal quotation marks and citations omitted)).

### I. Grounds for Dismissal Common to All Counts

This Court has already ruled on the arguments raised by Defendant as to all counts of the complaint in its Order on the Individual Defendants' Motions to Dismiss, and has found that dismissal without prejudice is proper. The Court adopts its discussion by reference herein.

## II. Grounds as to Specific Counts

**Count I - Violation of 18 U.S.C. §1962(c)**

Defendants argue that Count I is not plead with the required specificity. Defendant argues that Count I is not plead with the required specificity. This Court has set out the general law concerning the RICO statute, pleading mail and/or wire fraud, and damages in its Order on the Individual Defendants' Motions to Dismiss, and adopts its discussion by reference herein.

The Court has reviewed the Case Statement, and finds that Plaintiff has <u>not</u> stated at least two instances of mail and/or wire fraud with sufficient detail with respect to Defendant VIG, nor is there sufficiently alleged as to this Defendant an "agreement" which is necessary to plead a cause of action for RICO conspiracy. See <u>United States v. Nguyen</u>, 255 F.3d 1335, 1341 (11th Cir. 2001) (stating that "in order to be guilty of a RICO conspiracy, a defendant must either agree to commit two predicate acts or agree to participate in the conduct of the enterprise with the knowledge and intent that other members of the conspiracy would commit at least two predicate acts in furtherance of the enterprise.") Accordingly, as to Amex, this Count must be dismissed.

The fact that non-parties are named as part of the association is not grounds for dismissal. See <u>Mark v. J.I. Racing, Inc.</u>, No. 92-CIV-5285(FB),1997 WL 403179 (E.D.N.Y. July 9, 1997) (citing <u>Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.</u>, 30 F.3d 339, 344 (2d Cir. 1994)).

**Count II - Fraud, Count IV - Breach of Fiduciary Duty**

Plaintiff states that it is not bringing these claims against Defendant VIG.

**Count III - Conspiracy**

Defendant argues that the complaint fails to state a cause of action for civil conspiracy

because there is no adequately pled underlying actionable tort or wrong (see <u>Border Collie Rescue, Inc. v. Ryan</u>, 418 F. Supp. 2d 1330, 1339 (M.D. Fla. 2006)) is rejected in that the Court has found that Plaintiff has sufficiently alleged a claim of tortious interference with installation contracts. Accordingly, the count is sufficiently pled against Defendant VIG.[1]

### Count V - Tortious Interference with Prospective Relationships

This Court has set out the general law concerning the elements of this cause of action, and its finding that Plaintiff has adequately stated a claim, in its Order on the Individual Defendants' Motions to Dismiss. The Court adopts its discussion by reference herein.

### Count VI - Misappropriation of Trade Secrets

This Court, in its Order on the Individual Defendants' Motion to Dismiss, found that this count should be dismissed without prejudice to be brought as a statutory claim, if appropriate. The Court adopts its discussion by reference herein, as well as its discussion concerning the identification of the trade secrets and pleading punitive damages.

### Count VII - Deceptive and Unfair Trade Practices Act

This Court, in its Order on the Individual Defendants' Motion to Dismiss, found that this count has been adequately pled. The Court adopts its discussion by reference herein.

### Count VIII - Injunctive Relief

Defendants move to dismiss this count by incorporating arguments made with respect to previous counts. The request is denied based on the discussion above.

---

[1] The Court agrees with Plaintiff that Defendant misreads <u>Beck v. Prupis</u>, 529 U.S. 494 (2000) and denies dismissal based on the argument that the civil conspiracy count must be based on allegations which are independent of the RICO conspiracy count.

## III. CONCLUSION

Therefore, and the Court being otherwise fully advised in the premises it is hereby **ORDERED AND ADJUDGED** that Defendant Vertical Integration Group, LLC's ("VIG") Motion to Dismiss be **GRANTED** in part and **DENIED** in part, in accordance with the terms of this Order. The complaint is **DISMISSED** without prejudice and with leave to file an Amended Complaint within ten (10) calendar days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of March, 2007.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE