06-20412.oj

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20412 CIV-COOKE/BROWN

CONSOLIDATED

B&M NATIONAL AUTOMATION, LLC,

    Plaintiff,

vs.

AMX CORPORATION,

    Defendant.
_____/

AMX LLC, a Delaware Limited Company,

    Plaintiff,

vs.

AVEX GROUP, INC., et al.,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**This matter** is before this Court on Defendants Pedro Moreira, George Fallica, and Jorge Giminez' Motion to Dismiss, filed July 11, 2006. The Court has considered the Motion, the Response, the Reply, and all pertinent materials in the file.

### FACTS

Plaintiff AMX, a Delaware limited liability company with its principle place of business in Richardson, Texas, has sued, among others, Defendants Moreira, Fallica and Giminez (collectively

"the Individual Defendants, or "Defendants") all alleged to be Florida residents, in an eight count complaint. AMX alleges that it "designs, develops, and markets integrated control systems that enable end users to operate a broad range of electronic and programmable equipment in a single system within a variety of corporate, educational, industrial, entertainment, governmental, and residential settings." Compl. ¶12. This case specifically concerns alleged wrongdoing by the Defendants with respect to the sale of "a comprehensive control system solution designed specifically for multi-dwelling units ("MDU"), such as luxury condominiums and other planned communities" (Compl. ¶15) (referred to as "AMX MDU").

## DISCUSSION

To satisfy the pleading requirements of Fed.R.Civ.P. 8, a complaint must give the defendant notice of what plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). In ruling on a motion to dismiss, the court must take all well-pleaded allegations as true. Marsh v. Butler County, 268 F.3d 1014, 1023 (11th Cir. 2001). A complaint should not be dismissed pursuant to Fed.R.Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." Williams v. Mohawk Industries, Inc., 465 F.3d 1277, 1282 n. 2 (11th Cir. 2006), cert. denied, 2007 WL 560211 (U.S. Feb. 26, 2007) (quoting Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998) (internal quotation marks and citations omitted)).

### I. Grounds for Dismissal Common to All Counts

Defendants initially argue that Plaintiff has failed to plead the requisite elements for piercing the corporate veil. Plaintiff need not do so, however, in that the complaint alleges that the Individual Defendants personally participated in the fraud by making fraudulent representations and omissions.

See Compl. ¶¶ 20, 28, 37, 44, 45, 49. Liability is not, as Defendants argue, "based solely on [the Individual Defendants'] status as officers of corporations named in this suit." Reply p. 2. Accordingly, the Individual Defendants are properly sued in their personal capacities. See, e.g., Home Loan Corp. v. Aza, 930 So. 2d 814, 815-16 (Fla. 3d DCA 2006) (noting that "[i]f ... a director or officer commits or participates in the commission of a tort, whether or not it is also by or for the corporation, he is liable to third persons injured thereby, and it does not matter what liability attaches to the corporation for the tort.") (quoting Orlovsky v. Solid Surf, Inc., 405 So. 2d 1363 (Fla. 4th DCA 1981)). Accordingly, the motion to dismiss on that basis is rejected.

This Court disagrees with Defendants' characterization that this is a "shotgun" pleading. However, Plaintiff has agreed to file an amended complaint which does not improperly incorporate prior paragraphs. At that time, Plaintiff can also address the reference to non-parties as "Defendants," and shall also state what relief it is requesting from each Defendant as to each count. Because Plaintiff indicates that its reference to "Defendants" collectively is meant to include all Defendants, dismissal is not warranted on that basis, nor on the basis that the complaint fails to attach the contracts at issue. See Coyne v. Lucky M.K., Inc., No. 205CV25FTM29SPC, 2005 WL 1309267 (M.D. Fla. 2005).

## II. Grounds as to Specific Counts

**Count I - Violation of 18 U.S.C. §1962(c) and (d)**

Defendants argue that Count I is not plead with the required specificity.

The statute under which Plaintiff sues makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs

through a pattern of racketeering activity...." 18 U.S.C. §1962(c).[1] To establish a violation of the statute, Plaintiffs must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Mohawk Industries, Inc., 465 F.3d at 1282. A "'pattern of racketeering activity' requires at least two acts of racketeering activity, one of which occurred after the effective date of [RICO] and the last of which occurred within ten years (excluding any term of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. §1961(5).

The predicate acts on which Plaintiff relies to prove its RICO claim are allegations of "multiple predicate acts of mail and wire fraud committed by each of the Defendants." Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Therefore, Plaintiff must allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." In re Managed Care Litigation, 135 F. Supp. 2d 1253, 1262 (S.D. Fla. 2001) (quoting Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1380-81 (11th Cir. 1997)).

> A violation of the mail or wire fraud statutes occurs "when a person (1) intentionally participates in a scheme to defraud another of money or property and (2) uses the mails or wires in furtherance of that scheme" *McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1225 (11th Cir. 2002) (internal citations and footnote omitted). ...
>
> [I]t is clear that in the Eleventh Circuit "[a] scheme to defraud requires proof of material misrepresentations, or the omission or concealment of material facts ... reasonably calculated to deceive persons of ordinary prudence." *[United States v.] Hasson*, 333 F.3d at 1270-71...

---

[1] Plaintiff also brings a claim under 18 U.S.C. §1962(d), which makes it unlawful for a person "to conspire to violate any of the provisions of subsection ... (c) of this section."

Lockheed Martin Corp. v. Boeing Co., 357 F. Supp. 2d 1350, 1372 (M.D. Fla. 2005).

Although the allegations of the complaint do not go into great detail, the Court may consider the Plaintiff's RICO Case Statement. See Pierce v. Union Planters Bank, N.A., No. 02-21835-CIV-HUCK, 2002 WL 31750246 (S.D. Fla. Sept. 26, 2002) (citing In Re Managed Care Litigation, 135 F. Supp. 2d at 1261). The Court has reviewed the Case Statement, and finds that Plaintiff has adequately alleged the elements of a RICO claim, and has stated at least two instances of mail and/or wire fraud predicate acts with sufficient detail with respect to each Individual Defendant.

With respect to the Individual Defendants' argument that Plaintiff's alleged "loss of sales and profit" does not constitute an actual injury, that argument is rejected.

> To recover damages for an injury sustained as a result of a RICO violation, a plaintiff must prove that the violation proximately caused a loss to its business or property. [citation omitted]. The touchstone of the inquiry, in other words, is proximate cause; there is no automatic rule against the recovery of any type of lost profits or lost value damages if proximate cause is shown.

Maiz v. Virani, 253 F.3d 641, 662-63 (11th Cir. 2001). In Maiz, the Court found that RICO damages could include the amount of money that Plaintiff, investors in fraudulent land partnerships, would have earned "if the proceeds that Defendants pocketed through their frauds had been invested in U.S. real estate." Id. at 662; see also Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1343 (2d Cir. 1994)(finding RICO damages were properly awarded based on business injury suffered when it lost contracts it might have obtained but for the racketeering conspiracy). The Court finds no merit in Defendants' argument that these lost sales cannot be considered because they were actually Defendants' customers rather than Plaintiff's, in light of the alleged agreement by the Defendants to exclusively provide AMX MDUs.

**Count II - Fraud**

The elements of fraud under Florida law are (1) a false statement of fact; (2) known by the defendant to be false at the time it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage or injury. See Pitts Sales, Inc. v. King World Productions, Inc., 383 F. Supp. 2d 1354, 1362-63 (S.D. Fla. 2005). In its fraud count, Plaintiff alleges that Defendants made fraudulent statements "either knowing they were false or with a wanton disregard for the truth" and that Plaintiff relied on those statements. However, Plaintiff does not specifically allege that the misrepresentations were made for the purpose of inducing Plaintiff to rely on them. Because Plaintiff will have to amend the complaint to correct deficiencies already discussed, the Court will dismiss this count with leave to amend.

**Count III - Conspiracy**

Defendants argue that the complaint fails to state a cause of action for civil conspiracy because there is no adequately pled underlying actionable tort or wrong. See Border Collie Rescue, Inc. v. Ryan, 418 F. Supp. 2d 1330, 1339 (M.D. Fla. 2006)). Because the Court finds that Plaintiff has adequately alleged a RICO claim and a claim of tortious interference with business relationships, that argument is rejected.

**Count IV - Breach of Fiduciary Duty**

The elements for a claim of breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach. See Border Collie Rescue, Inc., 418 F. Supp. 2d at 1342. Plaintiff alleges:

> At all times material to AMX's breach of fiduciary duty claim, AMX had a

> fiduciary relationship with Avex, Cimax, Moreira, Fallica, and Gimenez in that AMX provided AMX Trade Secrets to these Defendants and they agreed to act in AMX's best interest. These Defendants breached their fiduciary duties to AMX because they failed to protect the AMX Trade Secrets. Additionally, Avex, Cimax, Moreira, and Fallica failed to use their best efforts to market, sell, and distribute AMX MDUs.

Compl. at ¶58.

Defendants criticize Plaintiff for citing to a 1925 Florida Supreme Court case in support of its position that a fiduciary duty may be implied in law. However, that case is still good law, as recognized by the court in Maxwell v. First Union Bank, 782 So. 2d 931 (Fla. 4th DCA 2001), where the court stated:

> A fiduciary relationship may be either express or implied. *See Capital Bank v. MVB, Inc.*, 644 So. 2d 515 (Fla. 3d DCA 1994). Express fiduciary relationships are created by contract, such as principal/agent, ... A fiduciary relationship which is implied in law is based on the circumstances surrounding the transaction and the relationship of the parties, [citations omitted], and may be found when "confidence is reposed by one party and a trust accepted by the other." *MVB*, 644 So. 2d at 518 (quoting *Dale v. Jennings*, 90 Fla. 234, 107 So. 175 (1925)).

Id. at 933-34; see also Doe v. Evans, 814 So. 2d 370, 374 (Fla. 2002).

Because the alleged fiduciary relationship is implied, the court must consider "the circumstances surrounding the transaction and the relationship of the parties." Maxwell, 782 So. 2d at 933. Defendants rely on the case of American Honda Motor v. Motorcycle Info. Network, 390 F. Supp. 2d 1170, 1179 (M.D. Fla. 2005), in which the defendants counterclaimed against the plaintiff, alleging that a fiduciary relationship existed between them concerning the development of a product which defendants had designed. In that case, agents of the plaintiff allegedly orally represented to defendants that despite plaintiff's refusal to enter into a written contract with defendants, defendants' trade secrets would be protected. Id. at 1174. The court found that no

fiduciary relationship existed because "[t]here are no allegations of dependency on the part of the Defendants and no allegations of the Plaintiff's recognition, acceptance or undertaking of the duty to advise, counsel, protect, or benefit the Defendant." Id. at 1179-80.

In the instant case, Plaintiff alleges that when it provided its trade secrets to the Defendants, "they agreed to act in AMX's best interest," but then failed to protect them. This allegation of Defendants' acceptance of the duty to protect Plaintiff's secrets distinguishes this case from American Honda. This Court finds that Plaintiff has adequately alleged the existence of a fiduciary relationship with the named Defendants. See also Future Tech Intern., Inc. v. Tae Il Media, Ltd., 944 F. Supp. 1538, 1569 (S.D. Fla. 1996) (concerning misappropriation of trade secrets).

**Count V - Tortious Interference with Prospective Relationships[2]**

The elements of a claim for tortious interference are:

> (1) the existence of a business relationship under which plaintiff has legal rights;
>
> (2) knowledge by the defendant of such a relationship;
>
> (3) an intentional and unjustified interference with such a relationship; and
>
> (4) damage to the plaintiff as a result of the breach of that relationship.

Allegiance Healthcare Corp. v. Coleman, 232 F. Supp. 2d 1329, 1336 (S.D. Fla. 2002). There need not be an enforceable contract. Rather, "the alleged business relationship must afford the plaintiff existing or prospective *legal or contractual* rights." Palmer v. Gotta Have it Golf Collectibles, Inc., 106 F. Supp. 2d 1289, 1302 (S.D. Fla. 2000) (quoting Ethan Allen, Inc. v. Georgetown Manor,

---

[2]Defendant Gimenez correctly notes that there are no allegations in this count which pertain to him. The count need not be "dismissed" against him, however, in that he is not included in that count as a defendant. Any confusion as to this issue can be remedied by the inclusion of a "wherefore" clause.

Inc.,647 So. 2d 812, 814 (Fla. 1994)) (empnasis in citing case).

Defendants argue that Plaintiff has failed to sufficiently allege the existence of a business relationship. Plaintiff alleges that the relationships which were interfered with were prospective purchasers of AMX MDU products throughout the United States, "such as those AMX MDU products Cimax had allegedly agreed to install in various states and in the Caribbean." Compl. ¶61. Plaintiff incorporates by reference the paragraph which refers to representations by Moreira and Fallica "that Cimax had a number of contracts to sell and install thousands of the AMX MDU product in MDU's in Texas, Georgia, New York, Illinois, Nevada, Virginia, and the Caribbean." ¶20. The Court finds that the group is sufficiently identifiable at this stage and the count should not be dismissed on this basis (assuming the complaint is amended to correct the improper incorporation by reference). See Allegiance Healthcare Corp., 232 F. Supp. 2d at 1336 (holding identification of plaintiff's business relationships with those customers serviced by defendant - a former employee - was sufficiently identifiable to survive a motion to dismiss).

**Count VI - Misappropriation of Trade Secrets**

Defendants first argue that this count must be dismissed for failure to identify the trade secrets at issue. Plaintiff has defined "Trade Secrets" to include "information relating to AMX's customers, marketing plans and strategies, computer software, and related documentation." Compl. at ¶ 24. A trade secret is defined in the UTSA as something that "(a) [d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Fla. Stat. §688.002(4). In order to obtain dismissal on this basis, the movant "must present 'clear authority'

that the information that the plaintiff identifies is not protected." Allegiance Healthcare Corp., 232 F. Supp. 2d at 1335 (quoting Del Monte Fresh Produce Co. v. Dole Food Co., Inc., 136 F. Supp. 2d 1271, 1292 (S.D. Fla. 2001)). Defendants have failed to do so.

Defendants next argue that this cause of action is barred because it is preempted by Florida's Uniform Trade Secrets Act, which "displace[s] conflicting tort, restitutory, and other law of this state providing civil remedies for misappropriation of a trade secret." Fla. Stat. §688.008. Plaintiff maintains that the Florida statute does not apply because the trade secrets are "Texas trade secrets - not Florida trade secrets." Plaintiff offers no case law in support of this proposition, and the alleged misappropriation occurred in Florida. Indeed, the next count is brought under the Florida Unfair Trade Practices Act, and is partially based on the allegation that the Defendants "represent[ed] that they would not use or disclose AMX Trade Secrets." Accordingly, the Court finds that this count should be dismissed without prejudice to be brought as a statutory claim, if appropriate.

Defendants additionally argue that Plaintiff has failed to make a proffer for punitive damages, which is required under Fla. Stat. §768.72. However, the Eleventh Circuit has held that this statute is not applicable when pleading a request for punitive damages in federal court. Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000).

### Count VII - Deceptive and Unfair Trade Practices Act

Defendants argue that this count is "so vague that they cannot reasonably determine in what instances they are included as one of the Defendants and when they are not." Mot. p. 16. Plaintiff responds that "the use of 'Defendants' is to be read to include all named defendants, not as creating ambiguity." Because Defendants are able to respond to the complaint as pled, dismissal will not be granted on that basis.

### Count VIII - Injunctive Relief

Defendants move to dismiss this count by incorporating arguments made with respect to previous counts. The request is denied based on the discussion above.

### III. CONCLUSION

Therefore, and the Court being otherwise fully advised in the premises it is hereby **ORDERED AND ADJUDGED** that the Defendant's Pedro Moreira, George Fallica, and Jorge Giminez' Motion to Dismiss be **GRANTED** in part and **DENIED** in part, in accordance with the terms of this Order. The complaint is **DISMISSED** without prejudice and with leave to file an Amended Complaint within ten (10) calendar days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of March, 2007.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE