06-20412.ok

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20412 CIV-COOKE/BROWN

CONSOLIDATED

B&M NATIONAL AUTOMATION, LLC,

    Plaintiff,

vs.

AMX CORPORATION,

    Defendant.
_____/

AMX LLC, a Delaware Limited Company,

    Plaintiff,

vs.

AVEX GROUP, INC., et al.,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**This matter** is before this Court on Defendant Cimax's Motion to Dismiss, filed June 9, 2006. The Court has considered the Motion, the Response, the Reply, and all pertinent materials in the file.

### FACTS

Plaintiff AMX, a Delaware limited liability company with its principle place of business in Richardson, Texas, has sued, among others, Defendant Cimax, a Florida limited liability company, and its representatives Pedro Moreira and George Fallica, in an eight count complaint. AMX alleges

1

that it "designs, develops, and markets integrated control systems that enable end users to operate a broad range of electronic and programmable equipment in a single system within a variety of corporate, educational, industrial, entertainment, governmental, and residential settings." Compl. ¶12. This case specifically concerns alleged wrongdoing by the Defendants with respect to the sale of "a comprehensive control system solution designed specifically for multi-dwelling units ("MDU"), such as luxury condominiums and other planned communities" (Compl. ¶15) (referred to as "AMX MDU").

## DISCUSSION

To satisfy the pleading requirements of Fed.R.Civ.P. 8, a complaint must give the defendant notice of what plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). In ruling on a motion to dismiss, the court must take all well-pleaded allegations as true. Marsh v. Butler County, 268 F.3d 1014, 1023 (11th Cir. 2001). A complaint should not be dismissed pursuant to Fed.R.Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." Williams v. Mohawk Industries, Inc., 465 F.3d 1277, 1282 n. 2 (11th Cir. 2006), cert. denied, 2007 WL 560211 (U.S. Feb. 26, 2007) (quoting Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998) (internal quotation marks and citations omitted)).

### I. Grounds for Dismissal Common to All Counts

With the exception of the issue discussed below, this Court has already ruled on the arguments raised by Defendant Cimax as to all counts of the complaint in its Order on the Individual Defendants' Motions to Dismiss, and has found that dismissal without prejudice is proper. The Court adopts its discussion by reference herein.

Defendant Cimax additionally argues that AMX improperly alleges that Cimax is bound by a contract AMX made with Defendant Avex Group, LL (hereinafter "Avex"). AMX responds that its allegations establish "(1) a contract between AMX and Avex, (2) which contract the principals of Avex told AMX was assumed by Cimax...." Resp. p. 4. The allegations of the complaint actually state that

> Moreira and Fallica told AMX representatives that Avex changed its name to Cimax. In reliance on Moreira's and Fallica's representations ... AMX assumed that Cimax was AMX's Dealer and that Cimax had assumed Avex's responsibilities and obligations under the Avex Agreement....

Compl. ¶19. This Court agrees that these allegations do not definitively state that Cimax did actually assume Avex's responsibilities and obligations, only that Plaintiff "assumed" that this was the case. Plaintiff may clarify this allegation in an Amended Complaint.

## II. Grounds as to Specific Counts

### Count I - Violation of 18 U.S.C. §1962(c)

Defendant argues that Count I is not plead with the required specificity. This Court has set out the general law concerning the RICO statute, pleading mail and/or wire fraud, and damages in its Order on the Individual Defendants' Motions to Dismiss, and adopts its discussion by reference herein.

The Court has reviewed the Case Statement, and finds that Plaintiff has adequately alleged the elements of a RICO claim, and stated at least two instances of mail and/or wire fraud predicate acts with sufficient detail with respect to Defendant Cimax.

As to the additional argument raised by Defendant Cimax, the fact that non-parties are named as part of the association is not grounds for dismissal. See Mark v. J.I. Racing, Inc., No. 92-CIV-

5285(FB), 1997 WL 403179 (E.D.N.Y. July 9, 1997) (citing Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A., 30 F.3d 339, 344 (2d Cir. 1994)).

### Count II - Fraud

This Court has set out the general law concerning the elements of this cause of action, and its finding that Plaintiff has failed to state a claim, in its Order on the Individual Defendants' Motions to Dismiss. The Court adopts its discussion by reference herein.[1]

### Count III - Conspiracy

Defendant argues that the complaint fails to state a cause of action for civil conspiracy because there is no adequately pled underlying actionable tort or wrong. See Border Collie Rescue, Inc. v. Ryan, 418 F. Supp. 2d 1330, 1339 (M.D. Fla. 2006)). Because the Court finds that Plaintiff has adequately alleged a RICO claim and a claim of tortious interference with business relationships, that argument is rejected.

### Count IV - Breach of Fiduciary Duty

This Court has set out the general law concerning the elements of this cause of action, and its finding that Plaintiff has adequately stated a claim, in its Order on the Individual Defendants' Motions to Dismiss. The Court adopts its discussion by reference herein.

### Count V - Tortious Interference with Prospective Relationships

This Court has set out the general law concerning the elements of this cause of action, and its finding that Plaintiff has adequately stated a claim, in its Order on the Individual Defendants'

---

[1] To the extent that Defendant has raised the economic loss rule as barring recovery, should a contractual relationship exist, that argument was improperly raised for the first time in the Reply. Accordingly, that argument will not be addressed herein.

Motions to Dismiss. The Court adopts its discussion by reference herein.

### Count VI - Misappropriation of Trade Secrets

This Court, in its Order on the Individual Defendants' Motion to Dismiss, found that this count should be dismissed without prejudice to be brought as a statutory claim, if appropriate. The Court adopts its discussion by reference herein, as well as its discussion concerning the identification of the trade secrets and pleading punitive damages.

### Count VII - Deceptive and Unfair Trade Practices Act

This Court, in its Order on the Individual Defendants' Motion to Dismiss, found that this count has been adequately pled. The Court adopts its discussion by reference herein.

### Count VIII - Injunctive Relief

Defendant moves to dismiss this count by incorporating arguments made with respect to previous counts. The request is denied based on the discussion above.

## III. CONCLUSION

Therefore, and the Court being otherwise fully advised in the premises it is hereby **ORDERED AND ADJUDGED** that the Defendant Cimax's Motion to Dismiss be **GRANTED** in part and **DENIED** in part, in accordance with the terms of this Order. The complaint is **DISMISSED** without prejudice and with leave to file an Amended Complaint within ten (10) calendar days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of March, 2007.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE