06-20412.ol

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20412 CIV-COOKE/BROWN

CONSOLIDATED

B&M NATIONAL AUTOMATION, LLC,

    Plaintiff,

vs.

AMX CORPORATION,

    Defendant.
_____/

AMX LLC, a Delaware Limited Company,

    Plaintiff,

vs.

AVEX GROUP, INC., et al.,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**This matter** is before this Court on Defendant Avex's Motion to Dismiss, filed July 10, 2006. The Court has considered the Motion, the Response, the Reply, and all pertinent materials in the file.

## FACTS

Plaintiff AMX, a Delaware limited liability company with its principle place of business in Richardson, Texas, has sued, among others, Defendant Avex, a Florida corporation, and its representatives Pedro Moreira and George Fallica, in an eight count complaint. AMX alleges that

it "designs, develops, and markets integrated control systems that enable end users to operate a broad range of electronic and programmable equipment in a single system within a variety of corporate, educational, industrial, entertainment, governmental, and residential settings." Compl. ¶12. This case specifically concerns alleged wrongdoing by the Defendants with respect to the sale of "a comprehensive control system solution designed specifically for multi-dwelling units ("MDU"), such as luxury condominiums and other planned communities" (Compl. ¶15) (referred to as "AMX MDU").

Plaintiff additionally argues that in or about January 1, 2001, Plaintiff (then known as Panja, Inc.) entered into a Dealer Agreement with Defendant Avex, and that pursuant to this agreement, "Avex served as a non-exclusive Dealer for AMX products, and Avex agreed to use its 'best efforts to actively market' AMX products." Compl. ¶¶ 17-18.

## DISCUSSION

To satisfy the pleading requirements of Fed.R.Civ.P. 8, a complaint must give the defendant notice of what plaintiff's claim is and the grounds upon which it rests. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002). In ruling on a motion to dismiss, the court must take all well-pleaded allegations as true. <u>Marsh v. Butler County</u>, 268 F.3d 1014, 1023 (11th Cir. 2001). A complaint should not be dismissed pursuant to Fed.R.Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." <u>Williams v. Mohawk Industries, Inc.</u>, 465 F.3d 1277, 1282 n. 2 (11th Cir. 2006), <u>cert</u>. <u>denied</u>, 2007 WL 560211 (U.S. Feb. 26, 2007) (quoting <u>Beck v. Deloitte & Touche</u>, 144 F.3d 732, 735 (11th Cir. 1998) (internal quotation marks and citations omitted)).

## I. Grounds for Dismissal Common to All Counts

This Court has already ruled on the arguments raised by Defendant as to all counts of the complaint in its Order on the Individual Defendants' Motions to Dismiss, and has found that dismissal without prejudice is proper. The Court adopts its discussion by reference herein.

## II. Grounds as to Specific Counts

### Count I - Violation of 18 U.S.C. §1962(c)

Defendant argues that Count I is not plead with the required specificity. This Court has set out the general law concerning the RICO statute, pleading mail and/or wire fraud, and damages in its Order on the Individual Defendants' Motions to Dismiss, and adopts its discussion by reference herein.

The Court has reviewed the Case Statement, and finds that Plaintiff has <u>not</u> stated at least two instances of mail and/or wire fraud with sufficient detail with respect to Defendant Amex, nor is there sufficiently alleged as to this Defendant an "agreement" which is necessary to plead a cause of action for RICO conspiracy. See <u>United States v. Nguyen</u>, 255 F.3d 1335, 1341 (11th Cir. 2001) (stating that "in order to be guilty of a RICO conspiracy, a defendant must either agree to commit two predicate acts or agree to participate in the conduct of the enterprise with the knowledge and intent that other members of the conspiracy would commit at least two predicate acts in furtherance of the enterprise.") Accordingly, as to Amex, this Count must be dismissed.

The fact that non-parties are named as part of the association is not grounds for dismissal. See <u>Mark v. J.I. Racing, Inc.</u>, No. 92-CIV-5285(FB), 1997 WL 403179 (E.D.N.Y. July 9, 1997) (citing <u>Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.</u>, 30 F.3d 339, 344 (2d Cir. 1994)).

**Count II - Fraud**

Plaintiff alleges that Defendant Avex falsely "represented to AMX that they were promoting and selling AMX MDUs." Compl. ¶49, Defendant argues that this claim is barred by Florida's economic loss doctrine, which provides that a party to a contract may not pursue a claim in tort for solely economic losses unless the party breaching the contract has committed a tort which is distinguishable from or independent of the breach of contract. See, e.g., Keys Jeep Eagle, Inc. v. Chrysler Corp., 897 F. Supp. 1437, 1443 (S.D. Fla. 1995), aff'd, 102 F.3d 554 (11th Cir. 1996).

Plaintiff initially argues that this rule does not apply because "the parties agreed in the Avex Agreement that Texas law governs their relationship." (Resp. p. 11, citing Avex Agrmt. at ¶15.8.) Even if such an agreement would render the Florida law inapplicable, there is no such allegation in the complaint, and the contract is not attached as an exhibit. Accordingly, the Court cannot consider this "fact." Moreover, even if Texas law does apply, Plaintiff maintains that it "recognizes an exception to the economic loss doctrine where a party makes a post-contract misrepresentation of intention to perform in order to induce the other party to take some action yet the inducing party has no intention of performing." Resp. p. 11 (citing Kajima Int'l, Inc. v. Formosa Plastics Corp., 15 S.W. 3d 289, 293 (Tex. App. 2000)). Plaintiff has not alleged in its fraud count any such intent to induce action as to Defendant Avex. Accordingly, dismissal without prejudice is proper.

**Count III - Conspiracy**

Defendant argues that the complaint fails to state a cause of action for civil conspiracy because there is no adequately pled underlying actionable tort or wrong (see Border Collie Rescue, Inc. v. Ryan, 418 F. Supp. 2d 1330, 1339 (M.D. Fla. 2006)). Due to the dismissal of the other counts

4

without prejudice, this count must also be dismissed without prejudice against Defendant Avex.[1]

### Count IV - Breach of Fiduciary Duty

Defendant Avex argues that Plaintiff's breach of fiduciary duty claim is also barred by the economic loss rule. However, the allegations concerning the contract with Avex do not state that the alleged breach of fiduciary duty, that is, the disclosure of trade secrets, would have constituted a breach of the Avex contract. Rather, the only contractual term which is recited as to Avex is that Avex "served as a non-exclusive Dealer for AMX products, and Avex agreed to use its 'best efforts to actively market' AMX products." Compl. ¶ 18. Plaintiff goes on to alleged that "[a]dditionally, AMX provided Avex with valuable trade secrets developed and protected by Amex ...." Id. Accordingly, the Court will not dismiss the breach of fiduciary duty count against Amex based on the economic loss rule.

This Court has set out the general law concerning the elements of this cause of action, and its finding that Plaintiff has adequately stated a claim, in its Order on the Individual Defendants' Motions to Dismiss. The Court adopts its discussion by reference herein.

### Count V - Tortious Interference with Prospective Relationships

This Court has set out the general law concerning the elements of this cause of action, and its finding that Plaintiff has adequately stated a claim, in its Order on the Individual Defendants' Motions to Dismiss. The Court adopts its discussion by reference herein.

However, Plaintiff's complaint suggests that the corporation "Amex" actually became "Cimax" due to the name change. Therefore, it does not appear that "Amex" could have done

---

[1] The Court agrees with Plaintiff that Defendant misreads Beck v. Prupis, 529 U.S. 494 (2000) and denies dismissal based on the argument that the civil conspiracy count must be based on allegations which are independent of the RICO conspiracy count.

anything to interfere with Plaintiff's alleged relationship with customers of "Cimax," to the detriment of Plaintiff. Accordingly, this count should be dismissed without prejudice as to Defendant Avex.

### Count VI - Misappropriation of Trade Secrets

The Court, in its Order on the Individual Defendants' Motion to Dismiss, found that this count should be dismissed without prejudice to be brought as a statutory claim, if appropriate. The Court adopts its discussion by reference herein, as well as its discussion concerning the identification of the trade secrets and pleading punitive damages.

### Count VII - Deceptive and Unfair Trade Practices Act

This Court, in its Order on the Individual Defendants' Motion to Dismiss, found that this count has been adequately pled. The Court adopts its discussion by reference herein.

### Count VIII - Injunctive Relief

Defendant moves to dismiss this count by incorporating arguments made with respect to previous counts. The request is denied based on the discussion above.

### III. CONCLUSION

Therefore, and the Court being otherwise fully advised in the premises it is hereby **ORDERED AND ADJUDGED** that the Defendant Avex's Motion to Dismiss be **GRANTED** in part and **DENIED** in part, in accordance with the terms of this Order. The complaint is **DISMISSED** without prejudice and with leave to file an Amended Complaint within ten (10) calendar days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida this 14th day of March, 2007.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE